(120 So. 633)

Nos. 29699, 29700.

## STATE v. WASHINGTON.

Feb. 11, 1929.

Isaac Wahlder, of Alexandria, for appellant.

Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria, and E. R. Schowalter, Asst. Atty. Gen., for the State.

THOMPSON, J. The defendant was charged in the first-numbered case with the crime of breaking and entering a dwelling house in the daytime with intent to steal, and in the second case with the larceny of a watch and pistol valued at $50.

He was convicted in both cases. For the burglary he was sentenced to hard labor for 3 years, and for larceny he was sentenced for not less than 16 nor more than 24 months. The term of imprisonment in the two cases was made to run concurrently.

The defendant has not been represented in this court, either by oral argument or brief.

We find no error patent upon the face of the record, and only one bill of exception in each case which was reserved to the overruling of a motion timely filed to quash the indictment.

The motion charges that the indictment is null and void, for the reason that the grand jury was impaneled illegally and in advance of the time fixed for the beginning of the next session of the court, in violation of article 190 of the Code of Criminal Procedure—there being only one parish, that of Rapides, in that judicial district.

The minutes show that court met "according to law" on Monday, October 22, 1928, and a grand jury was duly impaneled on that day. The two indictments were returned against the defendant October 26th.

On Monday, November 5, 1928, court met again "according to law," when the motion to quash in each case was filed, tried, and overruled. The defendant was then arraigned in both cases and the cases fixed for trial for November 15th.

The trial of the two cases was had on the day fixed, with the result as before stated.

There is nothing in the record to show the fixed sessions of the court for Rapides parish, nor does the record show a fixing of any time for impaneling of the grand jury for that parish.

We may assume, therefore, from the minutes of the court and the recital of the motion to quash, which is made a part of the bill, that the regular session of court began on Monday, November 5, 1928, and that the grand jury was impaneled (October 22d) two weeks in advance of the regular session.

The article of the Criminal Code relied on by the defendant declares that in districts composed of more than one parish the judge may impanel the grand jury and deliver his

charge in advance of the time fixed for the beginning of the next session of court.

Our attention is called to the fact by the Attorney General that the crime charged was committed before the adoption of the Criminal Code, and that the article relied on does not apply, in view of the repealing clause, which declares that nothing therein shall apply to offenses committed prior to its adoption, but that every such offense shall be prosecuted and punished in the manner provided by the laws in force at the time of the commission of said offense.

We would be disposed to rest our decision on the point made by the Attorney General, were it not for the fact that the article (190) of the Criminal Code makes no change in the law from what it was when the crime was committed.

The article (190) of the Code is a reproduction of a similar provision contained in Act 135 of 1898. So that, if the impaneling of the grand·jury was illegal under the article of the Code, it would be so under the law as it existed when the crime was committed.

It is to be observed that both the Criminal Code and section 9 of Act 135 of 1898 leave it entirely to the discretion of the judge as to whether he will cause a grand jury to be impaneled in advance of the session of his court in districts comprising more than one parish.

There is nothing in either of these statutes to indicate an intention on the part of the lawmaker to withdraw from the judge of a district comprising a single parish the authority to impanel a grand jury in advance of the regular or a special session of his court.

We are not prepared, therefore, to hold that the grant of such authority to a judge of a district of more than one parish carries with it a prohibition against the judge of a district with one parish doing so.

Act 135 of 1898 and Act 23 of 1908 con-

fers upon the district judges, without reference to the number of parishes comprising their respective districts, the authority to fix the time at which grand juries shall be impaneled in the parishes composing their respective districts. There is no limitation and no restriction on the authority thus conferred, except that a grand jury must be impaneled twice a year in each parish, except that of Cameron, and provided that no grand jury shall be impaneled over more than eight months, nor less than four months.

There is nothing in any of the statutes on the subject which seeks to control the discretion of the judge in determining the time when he will impanel a grand jury. Nor is there any provision of any statute which requires the judge to impanel a grand jury at the fixed sessions of his court, or that prohibits him from impaneling a grand jury in advance of a regular session of his court.

Our conclusion is, therefore, that the motion to quash was not well taken, and that the grand jury was not illegally impaneled.

The conviction and sentence in each case are affirmed.